An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHANIE BALSAMO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61289

FILED

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed her petition on April 10, 2012, almost two years after issuance of the remittitur on direct appeal on June 4, 2010. Balsalmo v. State, Docket No. 52235 (Order Granting Rehearing, Reinstating Appeal, and Affirming in Part and Reversing in Part, May 10, 2010). Thus, appellant's petition was untimely filed. See NRS 34.726(1). Moreover, appellant's petition was successive because she had previously litigated a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as she raised claims new and different from those raised in her previous petition.[2] See NRS 34.810(1)(b)(2); NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Balsalmo v. State, Docket No. 58246 (Order of Affirmance, February 24, 2012).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10365

34.810(2).   Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice.   See NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

First, appellant appeared to claim that her petition was not untimely because she filed the petition within one year from the remittitur on her first post-conviction appeal.   This argument lacks merit as the remittitur referenced in NRS 34.726 as one of the measures for a timely petition is the remittitur from direct appeal.

Next, appellant argued that she was unable to raise claims regarding jury instruction 19 and the indictment because the case file sent by counsel was missing jury instruction 19 and other unspecified documents.[3]   She indicated that she found out about the missing document when aiding her mother with a challenge to her mother's conviction. Appellant failed to demonstrate that she was unable to raise all of her grounds for relief in her first timely petition.   See Hathaway v. State, 119 Nev. 248, 251, 71 P.3d 503, 506 (2003).   Appellant raised the claim relating to the variance between the indictment and the evidence adduced at trial in her first petition, and while it was not pleaded with sufficient factual specificity, raising the claim in her first petition belies her contention that she was unable to litigate the claim in the first petition. Appellant likewise failed to demonstrate that a claim relating to jury instruction 19 was not reasonably available in her first petition as she

---

[3]Notably, appellant raised a claim that her appellate counsel failed to provide her with a complete case file in her first petition, indicating that she was aware when she filed her first petition that she was missing documents.   However, appellant did not seek to supplement the petition until after she filed a notice of appeal from the denial of her first petition.

litigated other claims relating to jury instructions. Moreover, appellant failed to demonstrate actual prejudice because she failed to demonstrate that her trial and appellate counsel were ineffective in failing to: (1) challenge jury instruction 19 as it is a proper statement of law, and (2) challenge the indictment as it provided sufficient notice of the crimes charged. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984); NRS 173.075(1); NRS 465.080. Therefore, we conclude that the petition was procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Stefany Miley, District Judge
      Stephanie Balsamo
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk